41wrongdlst

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PETE SMITH,

   Petitioner,

v.

UNITED STATES OF AMERICA,

   Respondent.

1:05CV00630

2:93CR117-1

## ORDER OF DISMISSAL WITHOUT PREJUDICE
## TO PETITIONER FILING A NEW MOTION

Petitioner, a federal prisoner, has submitted an application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Where the petitioner is attacking the execution and not imposition of a sentence, his petition was properly before the court pursuant to section 2241. See, e.g., Youngworth v. United States Parole Commission, 728 F. Supp. 384 (W.D.N.C. 1990). In a section 2241 action, the petition should be filed in the district court of the district where petitioner is in custody. Id. at 388 (citing Braden v. 30th Judicial Circuit, 410 U.S. 484, 495-500, 93 S. Ct. 1123, 1129-1132, 35 L. Ed. 2d 443 (1973)). Accordingly, this petition cannot be further processed because it appears that petitioner is incarcerated in Louisiana. Petitioner should seek the proper forms from the clerk of that district and file the petition there. The court also notes that the named respondent, a community correction specialist, has an address in Creedmoor, N.C., which is in the Eastern District of North Carolina and not this district.

Because of this pleading failure, this particular petition will be dismissed, but without prejudice to petitioner filing a new petition in the proper district.

In forma pauperis status is granted for the sole purpose of entering this order of dismissal with permission to file a new petition in the proper district.

**IT IS THEREFORE ORDERED** that in forma pauperis status is granted for the sole purpose of entering this order.

**IT IS THEREFORE ORDERED** that this action is dismissed <u>sua</u> <u>sponte</u> without prejudice to petitioner filing in the proper district

/s/ P Trevor Sharp
United States Magistrate Judge

Date July 19, 2005

-2-